United States District Court
Southern District of Texas
**ENTERED**
September 25, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS VILLARREAL CANTU,     Plaintiff, | § § § | |
| v. | § § | Civil Action No. B-05-170 |
| TEXANA RICE, INC.,     Defendant. | § § § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Carlos Villarreal Cantu ("Cantu") currently has a complaint pending against Defendant Texana Rice, Inc. ("Texana Rice") for breach of contract, quantum meruit, and misappropriation of trade secrets. Dkt. No. 1.

On June 6, 2007, following a mediation hearing, the Court abated this action, pending the outcome of Texana Rice, Inc.'s claim against Bayer CropScience LP in the Eastern District of Missouri, Civil Action No. 4:2007cv00416 ("Missouri litigation"). Dkt. No. 36.

On April 10, 2018, the attorney for Texana Rice notified the Court that the Missouri litigation – and all attendant lien issues – had been resolved. Dkt. No. 59.

The Court has twice issued orders for Cantu to brief the Court on how he wishes to proceed with the case. Dkt. Nos. 60, 62. Cantu has not responded to these orders.

Pursuant to FED. R. CIV. P. 16(f)(1)(C) and FED. R. CIV. P. 41(b), the Court has the authority to sua sponte sanction a party for failing to follow a Court order. Keller v. Davis, 712 F. App'x 435, 436 (5th Cir. 2018) (citing McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

After review of the record and the relevant caselaw, the Court concludes that the appropriate sanction in this case is dismissal of Cantu's claims with prejudice.

**I. Background**

On May 25, 2005, Plaintiffs Cantu and CVC International, S.A. de C.V. filed a complaint against Texana Rice, alleging breach of contract, quantum meruit, and misappropriation of trade secrets. Dkt. No. 1.

On June 9, 2005, Cantu filed an amended complaint, adding promissory estoppel as a cause of action, in addition to the previously made claims of breach of contract, quantum meruit, and misappropriation of trade secrets. Dkt. No. 4.

On August 1, 2005, Texana Rice filed an answer and counterclaims against Cantu and CVC International for breach of contract and trespass. Dkt. No. 7.

On June 30, 2006, the Court dismissed CVC International, S.A. de C.V. from the case. Dkt. No. 21.  The claims made by and against Cantu were not dismissed. Dkt. No. 22.

On August 15, 2006, Texana Rice filed a motion to dismiss the case pursuant to a settlement agreement. Dkt. No. 24.  On August 24, 2006, Texana Rice filed an amended motion to dismiss. Dkt. No. 27.

On October 13, 2006, U.S. Magistrate Judge John William Black filed a report and recommendation, which recommended that the motion to dismiss be granted. Dkt. No. 30.

On February 6, 2007, the District Judge ordered the parties to mediate the case with U.S. Magistrate Judge Felix Recio. Dkt. No. 34.

On April 10, 2007, the parties held a telephonic conference with Judge Recio concerning a scheduled mediation. Minute Entry for April 10, 2007. According to the docket entry, Texana Rice informed the Court that if Cantu was victorious at trial, it may force Texana Rice into bankruptcy. Id.  Texana Rice also informed the Court that it was part of a class action lawsuit in the Missouri litigation and Cantu informed the Court that he wanted to receive a percentage of that recovery. Id.

On June 8, 2007, the Court abated the instant action pending the outcome of the Missouri litigation. Dkt. No. 36.  All pending motions, including Texana Rice's motion to dismiss, were denied without prejudice to refiling. Id.

In September 2012, Texana Rice entered into a settlement agreement with Bayer. Dkt.

No. 52, p. 2. However, the funds remained in the registry of the Court in Missouri as Texana Rice's creditors fought for lien priority and access to the funds. Id.

On March 20, 2018, the Eastern District of Missouri issued an order disbursing the settlement funds to two of Texana Rice's creditor banks. Dkt. No. 59, p. 3. On April 10, 2018, the parties informed this Court of that disbursement order and represented to the Court that Texana Rice "will not recover any amount of the settlement funds from the settlement agreement made with Bayer." Id.

On July 13, 2018, the Court ordered the parties to advise the Court, no later than July 31, 2018, as to how they plan to proceed with this case given the result of the parallel litigation. Dkt. No. 60.

On August 1, 2018, counsel for Texana Rice filed a motion to withdraw, stating that "the Defendant corporation is no longer in existence as of 2015, communications with representatives of Defendant have ceased, and Defendant is insolvent." Dkt. No. 61. Cantu did not file a response to the Court's July 13th order.

On August 10, 2018, the Court ordered Cantu "to file an advisory with the Court, no later than August 20, 2018, outlining how it wishes to proceed with this case." Dkt. No. 62. Cantu was warned that "[f]ailure to timely respond will be taken as a representation that Plaintiff no longer wishes to proceed with this case." Id.

As of today's date, Cantu has not filed a response to that order.

On September 20, 2018, Texana Rice filed a motion to dismiss its counterclaims against Cantu. Dkt. No. 64. On September 25, 2018, the Court granted the motion. Dkt. No. 65.

## II. Applicable Law

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). Generally, such dismissals are without prejudice. Id. A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser

sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

### III. Analysis

Cantu's failure to "comply with any order" of the Court supports dismissal of his claims without prejudice. A dismissal without prejudice, nevertheless, may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)). Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

In this case, the statute of limitations would prevent the case from being re-filed. The contract was signed on July 1, 2003 and was terminated on February 1, 2005. Dkt. No. 4, pp. 3-5. There is a four year statute of limitations in Texas for breach of contract, quantum meruit, and/or promissory estoppel claims. Collier v. Moe, No. 03-17-00340-CV, 2018 WL 1192454, at *2 (Tex. App. Mar. 8, 2018) (breach of contract); Ramsland v. WFW Family, LP, No. 05-17-00326-CV, 2018 WL 1790080, at *10 (Tex. App. Apr. 16, 2018) (quantum meruit); Dortch v. Boxer Prop. Mgmt. Corp., No. 01-17-00148-CV, 2018 WL 3431733, at *3 (Tex. App. July 17, 2018) (promissory estoppel). There is a three-year statute of limitations for a claim of misappropriation of trade secrets. TEX. CIV. PRAC. & REM. CODE § 16.010(a). The limitations period has long since passed for every claim made by Cantu, so any dismissal of this case would be considered a dismissal with prejudice.

As noted earlier, dismissals with prejudice are justified "only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Collins, 236 Fed.

App'x. at 31. In this case, the Court has twice directed Cantu to inform the Court how he plans to proceed with the case. Dkt. Nos. 60, 62. Indeed, the Court cannot move forward with this case without Cantu's involvement. The Court has expressly warned Cantu that failure to timely advise the Court as to his plans would be viewed "as a representation that Plaintiff no longer wishes to proceed with this case." Dkt. No. 62. Warning a litigant that failure to comply with an order would lead to dismissal is considered a lesser sanction. Barnes v. Tumlinson, 597 F. App'x 798, 799 (5th Cir. 2015). When that lesser sanction fails to change a litigant's behavior, "the continued imposition of additional lesser sanctions would not serve the best interests of justice." Id. In this case, the warnings – a lesser sanction – proved to be futile because it did not prompt Cantu to respond to the Court's orders. Under these circumstances, further orders would not prompt diligent prosecution.[1]

Accordingly, Cantu's claims should be dismissed with prejudice for want of prosecution.

**IV. Recommendation**

It is recommended that the amended complaint filed by Carlos Villarreal Cantu, Dkt. No. 4, be dismissed with prejudice for want of prosecution.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir.

---

[1] The Court is fully appreciative of the fact that the instant action may be largely academic. There appears to no longer be a plaintiff interested in pursuing the action and no longer a defendant who even exists as a legal entity. Nevertheless, the case remains pending on the Court's docket, for which reason it requires resolution.

1996) superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on September 25, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge